**LEE LITIGATION GROUP, PLLC**
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EFRAIN SALDIVAR
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

                Plaintiff,

    v.

BAYSIDE CONTRACTING, INC.
   d/b/a BAYSIDE CONTRACTING,
BAYSIDE WAREHOUSE LLC
   d/b/a BAYSIDE CONTRACTING,
PANAGIOTIS ECONOMOU and
CHRISTOS ECONOMOU

              Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

      Plaintiff, EFRAIN SALDIVAR (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants BAYSIDE CONTRACTING INC. d/b/a BAYSIDE CONTRACTING, and BAYSIDE WAREHOUSE LLC d/b/a BAYSIDE CONTRACTING (collectively, "Corporate Defendants"), CHRISTOS ECONOMOU and PANAGIOTIS ECONOMOU ("Individual Defendants", and collectively with Corporate Defendants, "Defendants") and states as follows:

**INTRODUCTION**

1.      Plaintiff EFRAIN SALDIVAR alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due time shaving; (2) liquidated damages; and (3) attorney's fees and costs.

2.      Plaintiff EFRAIN SALDIVAR further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due time shaving; (2) unpaid spread of hours premium; (3) reimbursement for tools of the trade maintenance; (4) compensation for late payments of wages; (5)  statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

3.      Plaintiff SALDIVAR additionally alleges that Defendants willfully filed fraudulent information returns regarding Plaintiff SALDIVAR and Class members with the Internal Revenue Service ("IRS"), in violation 26 U.S.C. § 7434.

4.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d).

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.      Plaintiff SALDIVAR is a resident of Bronx County, New York.

8.      Corporate Defendant, BAYSIDE CONTRACTING, INC. d/b/a BAYSIDE CONTRACTING is a domestic business corporation organized under the laws of New York, with its principal place of business and service of process address located at 12-20 37th Ave, Ste 204, Long Island City, NY 11101.

9.      Corporate Defendant, BAYSIDE WAREHOUSE LLC d/b/a BAYSIDE CONTRACTING is a domestic business corporation organized under the laws of New York, with its principal place of business and service of process address located at 12-20 37th Ave, Ste 204, Long Island City, NY 11101.

10.      Individual Defendant, CHRISTOS ECONOMOU is a principal and co-owner of Corporate Defendant BAYSIDE CNTRACTING INC. d/b/a BAYSIDE CONTRACTING. CHRISTOS ECONOMOU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. CHRISTOS ECONOMOU frequently visits the stores. CHRISTOS ECONOMOU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the stores may complain to CHRISTOS ECONOMOU directly regarding any of the terms of their employment, and CHRISTOS ECONOMOU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. CHRISTOS ECONOMOU exercised functional control

over the business and financial operations of the Corporate Defendant. CHRISTOS ECONOMOU has the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11.     Individual Defendant, PANAGIOTIS ECONOMOU is a principal and co-owner of Corporate Defendant BAYSIDE WAREHOUSE LLC. PANAGIOTIS ECONOMOU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. PANAGIOTIS ECONOMOU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the stores may complain to PANAGIOTIS ECONOMOU directly regarding any of the terms of their employment, and PANAGIOTIS ECONOMOU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. PANAGIOTIS ECONOMOU exercises functional control over the business and financial operations of the Corporate Defendant. PANAGIOTIS ECONOMOU has the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12.     At all relevant times, Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff EFRAIN SALDIVAR asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to plumbers, mechanics, and scaffold builders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their regular wages, including overtime, due to time shaving policy. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff EFRAIN SALDIVAR asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to plumbers, mechanics, and scaffold builders) employed by Defendants on or after

the date that is six years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

18.     The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

20.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All NYLL Class members were subject to the same corporate practices of Defendants of (i) failing to pay proper wages, including overtime, due to time shaving; (ii) failing to pay spread of hours premiums; (iii) failing to reimburse tools of trade expenses; (iv) unreasonable delaying payment of wages, (v) failing to provide proper wage statements per requirements of NYLL; and (vi) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of

unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures. All the Class Members were also subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.  Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

      b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

      c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

      d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e.  Whether Defendants operated their business with a policy of not compensating employees for all hours worked due to time-shaving;

f.  Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members their spread of hours premiums when working shifts in excess of ten (10) hours;

g.  Whether Defendants provided proper W-2 forms to Class members;

h.  Whether Defendants properly deducted taxes from the wages of Class members;

i.  Whether Defendants accurately reported Class members earnings to the IRS;

j.  Whether Defendants unreasonably withheld payments due to Plaintiff and Class members for hours worked;

k.  Whether Defendants reimbursed Plaintiff and Class members for their tools of trade maintenance costs;

l.  Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

m.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## **STATEMENT OF FACTS**

25.  In or around January 2020, Plaintiff EFRAIN SALDIVAR was hired by Defendants as a construction helper, responsible for assembling scaffolding. In or around January 2022,

Plaintiff was promoted to junior mechanic. Plaintiff's employment was terminated by manager Brian {LNU} on or around December 13, 2022 for calling out of work.

26.     Throughout his employment with Defendants, Plaintiff worked at the various job sites, including but not limited to:

     a)  6 Varick Street, NYC
     b)  78 Crosby Street, NYC
     c)  11 East 20th Street, NYC
     d)  330 Broom Street, NYC
     e)  111 East 117th Street, NYC
     f)  279 Sterling Place, Brooklyn
     g)  200 East 6th Street, NYC
     h)  83-09 Talbot Street, Queens
     i)  42 West 17th Street, NYC
     j)  181 Hudson Street, NYC
     k)  12 West 17th Street, NYC
     l)  204 Forsyth Street, NYC
     m) 92 Laight Street, NYC
     n)  40 West 17th Street, NYC

27.     Throughout his employment with Defendants, Plaintiff was scheduled for work five (5) days per week from 8:00 a.m. to 4:30 p.m. However, Plaintiff was required to come in one (1) hour before his scheduled shift to load and unload trucks with construction materials, depending on the job site, as frequently as twice (2) a week. Plaintiff was prohibited from clocking in until his scheduled shift, thus was not paid for work done outside of his scheduled shift. In addition, a thirty (30) minute meal break was automatically deducted from Plaintiff's time worked. However, approximately twice per week during lunch hours, Plaintiff was required by junior manager Jacob Biatreh to help unload materials from Defendants' material delivery truck, therefore unable to go on lunch breaks.  As a result, Plaintiff worked for approximately forty-three (43) hours per week. FLSA Collective Plaintiffs and Class Members worked similar hours.

28.     From the start of his employment to January 2022, Plaintiff was compensated at an hourly rate of nineteen dollars per hour ($19/hour). From January 2022 until the end of his employment, Plaintiff was compensated at an hourly rate of twenty-three dollars per hour ($23/hour). Throughout his employment with Defendants, Plaintiff was paid partially in cash and partially in check, at the same straight-time hourly rate. FLSA Collective Plaintiffs and Class Members were similarly compensated at a straight time rate.

29.     Throughout Plaintiff's employment with Defendants, he was never paid the overtime compensation of one and a half times his regular rate of pay for his hours worked in excess of forty (40) hours per week, as required under the FLSA and NYLL. In fact, Plaintiff was not paid at all for his hours worked in excess of 40 hours per week due to Defendants' time shaving policy. FLSA Collective Plaintiffs and Class Members were similarly never compensated for overtime hours.

30.     For a time period of approximately one and half months during summer 2022, at Defendants' 181 Hudson Street job site, Plaintiff was scheduled to work from 8:00 am to 7:00 p.m., for approximately eleven (11) hours each workday. At all relevant times, Plaintiff was required to work shifts exceeding ten (10) hours in duration on a daily basis, and would never receive spread of hours premium. Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hours premium.

31.     Plaintiff purchased tools to perform his job and never received reimbursement from Defendants. Following the termination of Plaintiff's employment in December 2022, Defendants failed to return around $1,000 worth of power tools to Plaintiff.

32.     In addition, following his termination in December 2022, Plaintiff never received his wages for the last week of employment with Defendants.

33.     As a result of Defendants' policy of paying Plaintiff and Class Members partially in cash and check, Defendants failed to withhold Plaintiff's and Class Members' proper wages for tax purposes, failed to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year.

34.     Defendants had a legal obligation to file accurate tax statements with the IRS.

35.     Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

36.     Defendants never provided Plaintiff with proper wage statements in violation of NYLL as it failed to accurately list Plaintiff's total worked time and wages. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

37.     At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and with every change of payrate thereafter as required by NYLL.

38.     Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

39.     Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums when working shifts in excess of ten (10) hours.

40.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

44.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

46.     At all relevant times, Corporate Defendant had a gross annual revenue in excess of $500,000.

47.     At all relevant times, Defendants had a policy and practice that failed to pay regular wages and overtime, to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

48.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

50.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

52.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular wages and overtime compensation, and an equal amount as liquidated damages.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

54.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein .

55.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

56.     Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them proper wages in the lawful amount for all hours worked, including overtime compensation for their hours worked in excess of forty (40) hours per workweek, due to time shaving.

57.     Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them the spread of hours premium required by state law when they worked shifts exceeding ten (10) hours in duration.

58.     Defendants failed to reimburse Plaintiff for "tools of trade" purchased by Plaintiff. Specifically, Defendants failed to reimburse Plaintiff for the cost of the tool purchase and maintenance, which were required to perform Plaintiff's scaffolding assembling duties. Further, after the termination of Plaintiff's employment, Defendants failed to return around $1,000 worth of power tools to Plaintiff.

59.     Following his termination, Defendants failed to pay Plaintiff for his last week of work. As a result, Defendants willfully violated Plaintiff's rights by failing to pay him his wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

60.     Defendants failed to properly notify employees of their overtime rate, in direct violation of NYLL.

61.     Defendants failed unreasonably withheld payments owed to Plaintiff which is direct violation of NYLL.

62.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

63.     Defendants knowingly and willfully operated their business with a policy of not providing proper and accurate wage statements, as required under NYLL.

64.     Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, including overtime, due time shaving, damages for unreasonably delayed payment, unpaid spread of hours premium, reimbursement for tools of the trade maintenance, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

65.     Plaintiff SALDIVAR realleges by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

66.     By failing to provide Plaintiff SALDIVAR, FLSA Collective Plaintiffs and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff SALDIVAR, FLSA Collective Plaintiff and Class Members as compensation for all of

the work Plaintiff SALDIVAR, FLSA Collective Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

67.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and the NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages, including overtime, due to time shaving due under the FLSA and the NYLL;

d.   An award of unpaid spread of hours premium due under the NYLL;

e.   An award of unreimbursed tools of the trade expenses under the NYLL;

f.   An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

g.   An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular wages and overtime, and spread of hours premium, pursuant to the NYLL;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and tools of the trade maintenance costs, pursuant to 29 U.S.C. § 216;

j.   An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

k.   Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiff as a Representative of the Class; and

n.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
        March 13, 2023                              Respectfully submitted,


                                        By:   _/s/ C.K. Lee_____
                                               C.K. Lee, Esq.

                                        **LEE LITIGATION GROUP, PLLC**
                                        C.K. Lee (CL 4086)

18

Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs, and the Class*